IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 MAR -3  PM 2: 21

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

JAIME VIZCAINO,

     **Plaintiff,**

-vs-                **Case No.  A-13-CA-229-SS**

TECHCRETE CONTRACTING, INC.; JEFFREY
GOSS; and TODD NICCUM,
       **Defendants.**

---

## O R D E R

  BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Jaime Vizcaino's Motion to Dismiss Defendants' Counterclaims [#14], Plaintiff Jaime Vizcaino's Motion to Strike Defendants' Affirmative Defenses [#16], Defendants' Combined Responses to Plaintiff's Motion to Dismiss Defendants' Counterclaims and Plaintiff's Motion to Strike Defendants' Affirmative Defenses [#18], and Plaintiff Jaime Vizcaino's Amended Motion to Dismiss Defendants' Counterclaims [#19].  Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

  Plaintiff Jaime Vizcaino sued Defendants Techcrete Contracting, Inc. (Techcrete), Jeffrey Goss, and Todd Niccum for unpaid overtime under the Fair Labor Standards Act (FLSA).  In Defendants' First Amended Answer, they asserted affirmative defenses, arguing Vizcaino's claims were barred by: (1) estoppel and promissory estoppel; (2) waiver; and (3) laches and unclean hands. *See* Defs.' 1st Am. Answer [#11], at 1.  Further, Defendants argued they were entitled to a credit

and/or offset.  *Id.*  In addition, Defendants asserted a counterclaim for conversion of personal property, namely rebar belonging to Techcrete.  *Id.* at 2.

On February 7, 2014, Vizcaino filed a Motion to Dismiss Defendants' Counterclaims [#14] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In short, Vizcaino wants the Court to dismiss the counterclaim for conversion based on the rebar because it is entirely separate from his FLSA claim.  On February 15, 2014, Vizcaino filed a Motion to Strike Defendants' Affirmative Defenses [#16] pursuant to Rule 12(f).  In short, Vizcaino argues the affirmative defenses of (1) estoppel and promissory estoppel; (2) waiver; and (3) laches and unclean hands, are inapplicable in FLSA cases.  With respect to the offset defense, Vizcaino assumes Defendants are seeking an offset for the rebar, which is the basis for Defendants' conversion counterclaim.  *See* Pl.'s Mot. Strike [#16], at 8.  Vizcaino argues offsets are generally not allowed in FLSA cases, subject to certain exceptions, and the offset claim for the rebar does not fit within the recognized exceptions.  *Id.* at 8–11.  Therefore, Vizcaino argues it should be struck.

Defendants filed a Combined Response [#18] to Vizcaino's motion to dismiss and motion to strike.  Defendants conceded the counterclaim for conversion should be dismissed without prejudice for lack of subject matter jurisdiction.  *See* Defs.' Combined Resp. [#18], at 2.  Defendants further conceded the affirmative defenses of (1) estoppel and promissory estoppel; (2) waiver; and (3) laches and unclean hands, should be struck because they are not available under the FLSA.  *Id.*  Defendants, however, contend their affirmative defense of credit or offset should not be struck.  Defendants claim Vizcaino was incapacitated and unable to work six to eight weeks due to a procedure.  *Id.* at 2–3.  Nevertheless, Techcrete continued to pay Vizcaino as if he had worked forty hours per week.  *Id.* at 3.  Following the six to eight week period, Defendants claim Vizcaino was

only able to work on a part-time basis for a multiple week period, but Techcrete still paid him as if he were working full-time. *Id.* at 3. Defendants argue these payments for work not performed entitle them to an offset. *Id.*

## Analysis

### I.     Amended Motion to Dismiss Counterclaims

Defendants conceded in their Combined Response the counterclaim of conversion should be dismissed without prejudice. Therefore, the Court GRANTS the motion.

### II.    Motion to Strike Affirmative Defenses

Defendants conceded in their Combined Response the affirmative defenses of (1) estoppel and promissory estoppel; (2) waiver; and (3) laches and unclean hands, should be struck. Therefore, the Court GRANTS the motion to strike with respect to these affirmative defenses, leaving only the affirmative defense of the offset claim.

Generally speaking, courts have been hesitant to permit an employer to raise a counterclaim[1] in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused. *See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) ("[T]he purpose of the present action is to bring Pointon into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. Pointon is free to sue his employees in state court . . . ."). In *Heard*, the

---

[1] Defendants raise the set-off issue as an affirmative defense rather than a counterclaim, but courts have treated the two as the same. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 n.1 (5th Cir. 2010).

Fifth Circuit held set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions. 491 F.2d at 2 ("The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer–employee relationships would be antithetical to the purpose of the Act.").

In *Singer v. Waco*, 324 F.3d 813 (5th Cir. 2003), however, the Fifth Circuit allowed an exception for an employer to set-off certain wage overpayments against the employees' overall damages award. *Singer* involved a class of municipal firefighters whose hours varied among pay periods. The city's method for calculating their regular rate of pay resulted in an underpayment of overtime pay during some pay periods but also considerable overpayments during other periods. *Id.* at 824–26. The Fifth Circuit viewed the overpayments as akin to pre-payments not prohibited by the FLSA and affirmed the set-off overpayments in some work periods against shortfalls in others. *Id.* at 826. The court reconciled *Heard* and *Singer* by observing "the offsets permitted by the district court [in *Heard*] caused the final awards of many of the defendants' workers to drop below the statutory minimum wage," but in *Singer*, "no party contend[ed] that the offset might cause the fire fighter's wages to fall below the statutory minimum wage." *Id.* at 828 n.9.

The Fifth Circuit has since clarified that *Heard*'s longstanding prohibition of set-offs in FLSA cases is the rule in this circuit and *Singer* the exception. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010). *Gagnon* distinguished the set-off allowed in *Singer* as one that "simply acknowledged that the City had *already paid* the bulk of its overtime obligations." *Id.* at 1043 (citing *Singer*, 324 F.3d at 828). The plaintiff in *Gagnon*, by contrast, was not paid "any additional sums that could be characterized as advanced or inappropriate amounts subject to an offset

against the overtime owed him," and therefore, a set-off was inappropriate. *Id.* The Fifth Circuit "continue[s] to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee." *Martin*, 628 F.3d at 742.

In the instant case, Defendants argue they overpaid Vizcaino during the period of his incapacity and are entitled to a credit/offset like the City was in *Singer*. *See* Defs.' Combined Resp. [#18], at 3. Defendants argue these payments should be considered wages it pre-paid Vizcaino. *Id.* (citing *Martin*, 628 F.3d at 742). Defendants are mistaken, however, because there is no indication they continued to pay Vizcaino as if he were working forty-hour weeks during the time he was supposedly incapacitated as part of an effort to pre-pay his overtime wages. Defendants argue this situation fits within the *Singer* exception, but the court in *Singer* simply recognized the employer had already paid the bulk of its overtime obligations. The supposed overpayments to Vizcaino were not pre-payments of Defendants' overtime obligations, and therefore, a set-off would be inappropriate. Defendants do not explain why they continued to pay Vizcaino as a full-time worker when he was not working full-time, but if they think they are entitled to these overpayments, they can pursue these claims in a separate lawsuit in state court. This Court is concerned with Defendants' compliance with the FLSA's overtime standards. The Court GRANTS Vizcaino's motion to strike the affirmative defense based on a claimed credit or offset.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Jaime Vizcaino's Motion to Dismiss Defendants' Counterclaims [#14] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Plaintiff Jaime Vizcaino's Motion to Strike Defendants' Affirmative Defenses [#16] is GRANTED;

IT IS FINALLY ORDERED that Plaintiff Jaime Vizcaino's Amended Motion to Dismiss Defendants' Counterclaims [#19] is GRANTED.

SIGNED this the 3ᵉᵈ day of March 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE